## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ANCEL MONTENELLI,
individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.

NEW ALBERTSON'S INC.
d/b/a Jewel Osco supermarkets

      Defendant.

---

## CLASS ACTION COMPLAINT

---

Plaintiff, Ancel Montenelli (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned counsel, hereby files this class action Complaint against Defendant New Albertson's Inc. (hereinafter referred to as "Defendant" or "New Albertson") d/b/a "Jewel Osco", for monetary damages and injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and the Illinois Human Rights Act and alleges:

### INTRODUCTION

1.    This class action seeks to put an end to systemic civil rights violations committed by Defendant New Albertson's Inc. against wheelchair users in Illinois and across the United States. Defendant owns, operates, controls and/or administrates a chain of supermarkets under the brand name "Jewel Osco."

2.      Within each of Defendant's Jewel Osco supermarkets there are wheelchair accessibility barriers. As such, Defendant has denied, and is denying, wheelchair users equal access to the goods and services provided to its non-disabled customers through within its Jewel Osco supermarket[1] locations. Specifically, the ticket number dispensers within the Jewel Osco supermarkets which the Plaintiff patronized are positioned at an inaccessible height for customers who are confined to wheelchairs. The ticket number dispensers are designed to give ticket numbers to customers waiting for service are installed on the top of the food counter, which make it difficult if not impossible for wheelchair users to access. According to 28 C.F.R. Appendix A to Part 36, Section 4.2.5 and 4.2.6, the high forward reach and the high side reach shall be 48 inches maximum.

3.      Plaintiff suffers from a spinal cord injury and uses a wheelchair for mobility.

4.      Plaintiff has patronized Defendant's Jewel Osco supermarkets and has been denied full and equal access as a result of Defendant's inaccessible food service counters and ticket number dispensers. Plaintiff intends to continue to patronize Defendant's facilities, however, unless Defendant removes the access barriers described below, Plaintiff will continue to be denied full and equal access to Defendant's goods and services.

5.      Plaintiff's experiences are not isolated. Plaintiff visited five Jewel Osco supermarkets and the actual height of its service counters and ticket dispensers in these supermarkets is above 48 inches. Clearly, Defendant has systematically discriminated against individuals with mobility disabilities by implementing policies and practices that

---

[1]Jewel Osco supermarkets are also referenced as "supermarkets," "places of public accommodation," or facility(ies).

consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendant's supermarkets.

6.     In fact, numerous facilities owned, controlled and/or operated by Defendant have service counters and ticket dispensers which are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized policies and practices Defendant employs with regard to the design, construction, alteration, maintenance and operation of its facilities cause access barriers, and/or allow them to develop and persist at Defendant's facilities.

7.     Unless Defendant is required to remove the access barriers herein described and is required to change its policies and practices so that access barriers do not reoccur at Defendant's facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described, and will be deterred from fully using Defendant's facilities.

8.     Consistent with 42 U.S.C. § 12188, Plaintiff seeks a permanent injunction requiring that Defendant remediate its ticket dispensers and service counters within its facilities consistent with the ADA.

9.     Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his own benefit and the benefit of a class of similarly situated individuals.  To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate….Illustrative are

various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's facilities violate federal law as described herein and an injunction requiring Defendant to remove the identified access barriers so that Defendant's facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA. Plaintiff further requests that the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION

10. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331.

11. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that events giving rise to this lawsuit occurred within the Northern District of Illinois.

12. The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS 5/1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

13. Plaintiff Ancel Montenelli is a resident of the state of Illinois. Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility. Plaintiff suffers from a

"qualified disability" under the Americans with Disabilities Act ("ADA"). Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

14.     Defendant New Albertson's Inc. is an Illinois corporation. Defendant is authorized to conduct, and is conducting business within the State of Illinois.

15.     On information and belief, at all times material hereto, Defendant owns, operates, controls, and/or administrates a chain of supermarkets under the brand name "Jewel Osco," which are places of public accommodation. These supermarkets are defined as places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) because these are supermarkets, which are open to the general public. These supermarkets provide to the public important goods and services, such as the sale of food. The inaccessibility of the food service counters and ticket number dispensers which are used by Defendant to determine order for customer service at the (food service) counter has deterred Plaintiff from shopping at Jewel Osco supermarkets.

## FACTUAL ALLEGATIONS

### I.     Plaintiff was Denied Full and Equal Access to Defendant's Facilities

16.     On July 5, 2016, Plaintiff personally visited the Jewel Osco supermarket located at 7201 W. 24th St. North Riverside, Illinois 60546, with the intention of buying food. Plaintiff was denied full and equal access because the supermarket's ticket dispenser designed to give ticket numbers to customers waiting for service at the food counter is installed at a height that is not accessible for customers using wheelchairs.

17.     Plaintiff also personally visited another four Jewel Osco supermarket locations on the following dates: the Jewel Osco supermarket located at 1220 South Ashland Avenue, Chicago, Illinois 60608 on July 7, 2016; the Jewel Osco supermarket

located at 7036 Roosevelt Road, Oak Park, Illinois 60304 on July 13, 2016; the Jewel Osco supermarket located at 438 West Madison Street, Oak Park, Illinois 60302 on August 2, 2016 and the Jewel Osco supermarket located at 7525 West Lake Street, River Forest, Illinois 60305 on August 2, 2016. During those visits, Plaintiff was denied full and equal access because each of the supermarket's ticket dispenser designed to give ticket numbers to customers waiting for service is installed at a height that is not accessible for customers using wheelchairs. All of the ticket dispensers at each of Defendant's supermarkets in Illinois are similarly inaccessible. As such, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the Jewel Osco supermarkets.

18. Plaintiff lives in Chicago, Illinois and travels throughout the region frequently. Plaintiff has visited the Jewel Osco supermarkets delineated hereinabove and intends to return to each to shop and to ascertain whether those supermarkets remain in violation of the ADA.

19. However, Plaintiff will be deterred from returning to receive full and equal enjoyment of the facilities at Defendant's supermarkets as long as Defendant's supermarkets remain non-compliant, and as long as Defendant continues to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at its supermarkets.

20. Without injunctive relief, Plaintiff will continue to be unable to receive full and equal enjoyment of the facilities at Defendant's supermarkets in violation of his rights under the ADA.

21.     As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendant, have architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

**II.     Defendant Has Repeatedly Denied Individuals with Mobility Disabilities Full and Equal Access to its Facilities**

22.     Defendant owns, controls and/or operates one hundred eighty-five (185) Jewel Osco supermarkets in Illinois, India, and Iowa.  The regional chain is the largest seller of groceries in Chicago. As the common owner, controller, and/or operator of Jewel Osco supermarkets, Defendant employs centralized policies and practices with regard to the design, construction, alteration and maintenance of its facilities.

23.     On information and belief, Defendant employs the following policies and procedures when constructing and altering its stores: i) the employment of similar design guidelines, ii) the use of standard form contracts with architects and contractors, iii) standardized procedures for approving outside construction plans, and iv) employment of uniform process in regards to overseeing, completing, and/or reviewing construction.

24.     Likewise (on information and belief) Defendant employs a standardized maintenance procedure and personnel in maintaining its supermarkets.

25.     To date, Defendant's centralized design, construction, alteration, maintenance, and operational policies and practices have systematically and routinely violated the ADA by designing, constructing and altering supermarkets (specifically the food counters and ticket dispensers) so that they are not readily accessible and usable, by failing to remove architectural barriers, and by failing to maintain and operate its supermarkets so that the accessible features of Defendant's supermarkets are maintained.

26.     On Plaintiff's behalf, investigators examined the multiple supermarket locations owned, controlled, and/or operated by Defendant, and out of five locations examined each of the five locations contained the identical violations, which are illustrative of the fact that Defendant implements policies and practices that routinely result in accessibility violations.

27.     Based upon the sampling of supermarket locations wherein 100% of those sampled contained the identical violations, there is a high probability that many (if not all) of Defendant's 185 supermarket locations contain the same or similar ADA violations. A full investigation of all of Defendant's 185 supermarkets will be conducted through the discovery phase of the instant action.

28.     The fact that numerous of Defendant's supermarkets deny individuals with mobility-related disabilities full and equal access to Defendant's supermarkets, is evidence that the inaccessibility that Plaintiff has experienced is not isolated, but rather is caused by Defendant's systemic disregard for the rights of individuals with disabilities.

29.     Defendant's systemic access violations demonstrate that Defendant's uniform policies and practices fail to design, construct, and alter its supermarkets so that they are readily accessible and usable by individuals who are confined to wheelchairs.

30.     As evidenced by the widespread inaccessibility of Defendant's food counters and ticket number dispensers, absent a change in Defendant's corporate policies and practices, access barriers are likely to reoccur in Defendant's supermarkets even after these specific matters have been remediated.

31.     Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's supermarkets and an injunction to modify the policies and

practices that have created or allowed, and will create and allow, inaccessibility to affect Defendant's chain of Jewel Osco supermarkets.

32.     As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

33.     Any and all requisite notice has been provided.

34.     Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## CLASS ALLEGATIONS

35.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all wheelchair users who have attempted, or will attempt, to access Defendant's facilities.

36.     The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this court.

37.     Typically: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

38.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that

they all have been and/or being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable.

39.     Adequacy of Representation: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

40.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

41.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

42.     The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due to disabilities for over 25 years.  As such, all public accommodations and facilities have had adequate time for compliance.

43.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)     individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

44.     Congress explicitly stated that the purpose of the ADA was to:

(i)       provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)      provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

45.    Pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104, Defendant's Jewel Osco supermarkets are places of public accommodation in that they are supermarkets open to the general public.  As places of public accommodation, these supermarkets are under the requirements of the ADA and must be in compliance therewith.

46.    As the operator of Jewel Osco supermarkets, Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns, leases, or operates the Jewel Osco supermarkets; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104 and the Illinois Human Rights Act, as codified at 775 ILCS 5.

47.    Defendant has discriminated, and continues to discriminate, against Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the supermarkets, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

48.    Plaintiff and other similarly situated wheelchair users have been unable to, and continue to be unable to, enjoy full and equal access to, and the benefits of, all the accommodations and services offered at Jewel Osco supermarkets.

49.     Prior to the filing of this lawsuit, Plaintiff personally visited five supermarkets locations known as Jewel Osco supermarkets with the intention of patronizing the place of public accommodation, but (as an individual with a disability who utilizes a wheelchair for mobility) has been denied adequate accommodation by virtue of being unable to use the ticket number dispenser affixed on the inaccessible food service counter within each of the supermarkets and therefore suffered an injury in fact.

50.     Plaintiff continues to desire to patronize and buy food at the food service counter at Jewel Osco supermarkets, but continues to be injured in that he continues to be discriminated against due to the lack of an accessible ticket number dispenser, in violation of the ADA. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

51.     Each of Defendant's supermarkets is in violation of 28 C.F.R. Appendix A to Part 36. Specifically, Defendant failed to maintain its a ticket number dispenser at the height of 48 inches or less and likewise failed to maintain a portion of it food service counter at an accessible height in violation of 28 C.F.R. Appendix A to Part 36, Section 4.2.5 and 4.2.6.

52.     Upon information and belief, Defendant is in violation of other provisions of the ADA, and only once a full inspection is done can all said violations be identified.

13

53. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

54. As such, Defendant has discriminated, and will continue to discriminate, against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Jewel Osco supermarkets in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

55. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

56. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order that the Defendant alter its Jewel Osco supermarkets to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the supermarkets until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Ancel Montenelli hereby demands judgment against Defendant New Albertson's Inc. and request the following injunctive and declaratory relief:

a) The Court to certify this matter as a Class action on behalf of the Class defined above, appoint Plaintiff Ancel Montenelli as Class representative, and appoint the undersigned as Class counsel;

14

b)      The Court declares that the supermarkets owned, operated, controlled, and/or administrated by Defendant are in violation of the ADA and order Defendant's Jewel Osco supermarkets to be closed to the public until such time that they are deemed by this Court to be accessible;

c)      The Court enters an Order requiring Defendant to alter each of the Jewel Osco supermarkets to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)      The Court enters an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to its Jewel Osco supermarkets;

e)      The Court awards reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to Plaintiff, and the Court award reasonable costs and attorney's fees; and

f)      The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

57.    Plaintiff realleges and incorporates by reference the allegations set forth above.

58.    Defendant has violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

59.    The ILHRA provides that all individuals within the state of Illinois shall

be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

60.     Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

61.     Defendant owns, operates, controls, and/or administrates Jewel Osco supermarkets, which are places of public accommodation, as defined within 775 ILCS 5/5-101(A)(5).

62.      The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

63.     The violations of Illinois law were deliberate and knowing.

64.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Jewel Osco supermarkets in violation of ILHRA.

65.     Under the ILHRA, as codified at 775 ILCS 5/8, Plaintiff is entitled to file a civil action against Defendant in accordance with the code of civil procedure.

              **WHEREFORE,** Plaintiff Ancel Montenelli respectfully prays that this Court grant the following relief against Defendant New Albertson's Inc. including

Case: 1:17-cv-08250 Document #: 1 Filed: 11/14/17 Page 17 of 17 PageID #:17

damages costs and reasonable attorney's fees and for the following injunctive relief and declaratory relief:

      a)      A declaration that Defendant has operated its Jewel Osco supermarkets in violation of the ILHRA and as such Defendant has violated 775 ILCS 5 et. seq. in that Defendant has failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

      b)      An Order mandating that Defendant undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

      c)      An Order mandating that Defendant expeditiously make all reasonable and appropriate modifications to its Jewel Osco supermarkets to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

      d)      Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

      e)      Award reasonable costs and attorney's fees; and

      f)      Award any and all other relief that may be necessary and appropriate.

Dated this 14th day of November, 2017.

            Respectfully submitted,

            *s/Scott Dinin.*
            Scott R. Dinin, Esq.
            Scott R. Dinin, P.A.
            332 S Michigan Ave.
            Suite 1032 - D673
            Chicago, Il 60604
            Tel: (786) 431-1333
            inbox@dininlaw.com
            *Attorney for Plaintiff*